UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HECTOR MELGOZA BOLANOS, | ) | 1:06-cv-00808-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WITHIN |
| | ) | THIRTY DAYS WHY THE PETITION |
| v. | ) | SHOULD NOT BE DISMISSED FOR |
| | ) | VIOLATION OF THE ONE-YEAR |
| | ) | STATUTE OF LIMITATIONS |
| RICHARD J. KIRKLAND, | ) | |
| | ) | (Doc. 1) |
| Respondent. | ) | |
| | ) | |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on June 26, 2006. (Doc. 1). A preliminary review of the Petition, however, reveals that the petition may be untimely and should therefore be dismissed.

DISCUSSION

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in <u>Herbst v. Cook</u>, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.

    B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997).  The instant petition was filed on June 26, 2006, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  The California Court of Appeal affirmed Petitioner's conviction on October 1, 2003.  Petitioner did not file a petition for review.  According to the California Rules of Court, a decision becomes final thirty days after filing, and an appeal must be taken to the California Supreme

1  Court within ten days of finality. Rule 24(a), 28(b), Cal.R.Ct. Thus, in the absence of a timely filed
2  Petition for Review in the California Supreme Court, direct review would have concluded forty days
3  after October 1, 2003, or on November 10, 2003. Petitioner would then have had one year, or until
4  November 10, 2004, within which to file his federal petition.

5  As mentioned, the instant petition was not filed until June 21, 2006, some nineteen months
6  *after* the one-year period had expired. Thus, unless Petitioner is entitled to statutory or equitable
7  tolling, the instant petition is untimely.

8  C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

9  Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application
10 for State post-conviction or other collateral review with respect to the pertinent judgment or claim is
11 pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In
12 Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first
13 state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral
14 challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846
15 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321,
16 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a
17 petitioner is preparing his petition to file at the next appellate level reinforces the need to present all
18 claims to the state courts first and will prevent the premature filing of federal petitions out of concern
19 that the limitation period will end before all claims can be presented to the state supreme court. Id. at
20 1005. However, the limitations period is not tolled for the time such an application is pending in
21 federal court. Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001).

22 Here, Petitioner asserts that he exhausted issues in a state habeas petition before the
23 California Supreme Court. The Court's own independent investigation of that claim, by accessing
24 the California court system's electronic database, indicates that Petitioner filed his state habeas

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

petition on July 15, 2004 and that it was denied on June 22, 2005. Thus, assuming the petition was properly filed,[1] Petitioner would have been entitled to statutory tolling during that period. At the time he filed the state petition, 247 days had already passed of his one-year AEDPA period, the span of time between the commencement of the one-year period on November 11, 2003 and the filing of his state petition on July 15, 2004. When the state petition was denied on June 22, 2005 and the one-year period re-commenced to run, therefore, Petitioner had only 118 days remaining on his one-year limitations period. Unfortunately, Petitioner waited over one full year, 369 days, until June 26, 2006, to file the instant petition. Thus, even with statutory tolling for the pendency of his state petition, the instant federal petition is untimely by 251 days.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Here, Petitioner has made no claim entitling him to equitable tolling.

### **ORDER**

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year

---

[1] The Court notes that the order Petitioner has provided from the California Supreme Court denying his state habeas petition clearly indicates that the high court denied the petition by citing In re Dixon, 41 Cal.2d 756 (1953) and In re Waltreus, 62 Cal.2d 218 (1965), both of which indicate that the court procedurally barred the petition for untimeliness rather than denied the petition on its merits. Accordingly, it may be that the petition was not "properly filed" under AEDPA and thus Petitioner would not be entitled to statutory tolling for the pendency of the state petition. Saffold v. Newland, 250 F.3d 1262 (9th Cir. 2001). However, because it appears that the petition is untimely regardless of statutory tolling, the Court will not specifically address this issue.

4

1 | statute of limitations in 28 U.S.C. § 2244(d).
2 |     Petitioner is forewarned that his failure to comply with this order may result in Findings and
3 | Recommendations recommending that the Petition be dismissed.
4 |
5 | IT IS SO ORDERED.
6 | Dated:   **January 18, 2008**                                      /s/ Theresa A. Goldner
   |                                                                  UNITED STATES MAGISTRATE JUDGE