1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR MELGOZA BOLANOS, ) | 1:06-cv-00808-AWI-TAG HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATIONS TO |
| ) | DISMISS PETITION FOR WRIT OF |
| v. ) | HABEAS CORPUS  FOR VIOLATION OF |
| ) | THE ONE-YEAR STATUTE OF |
| ) | LIMITATIONS  (Doc. 1) |
| RICHARD J. KIRKLAND, ) | |
| ) | ORDER REQUIRING OBJECTIONS TO BE |
| Respondent. ) | FILED WITHIN FIFTEEN DAYS |
| _____ ) | |

## PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on June 26, 2006.  (Doc. 1).   On January 18, 2008, issued an Order to Show Cause, directing Petitioner to file a response within thirty days to show why the petition should not be dismissed as untimely. (Doc. 8).  On February 25, 2008, Petitioner filed his response, which does not dispute the Court's calculation of time and statutory tolling, but instead makes an implicit allegation of entitlement to equitable tolling based on problems Petitioner experienced with locating his legal files when transferred from one prison to another and his difficulties in accessing the prison law library. (Doc. 9).

///
///

1

1

**DISCUSSION**

2

A.  Preliminary Review of Petition

3

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

4

if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

5

not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

6

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

7

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

8

dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.

9

2001).

10

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

11

habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

12

notice of its intent to dismiss and an opportunity to respond.  Herbst, 260 F.3d at 1041-1042.  The

13

Court has provided Petitioner notice of its concern regarding the timeliness of the petition, and has

14

afforded Petitioner an opportunity to respond.

15

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

16

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

17

1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

18

corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059

19

(1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), overruled on other grounds

20

by Lindh v. Murphy, 521 U.S. 320.  The instant petition is subject to the AEDPA because it was

21

filed on June 26, 2006.

22

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

23

petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

24

reads:

25

    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a State court.  The

26

limitation period shall run from the latest of –

27

        (A) the date on which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such review;

28

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. The California Court of Appeal affirmed Petitioner's conviction on October 1, 2003. Petitioner did not file a petition for review. According to the California Rules of Court, a decision becomes final thirty days after filing, and an appeal must be taken to the California Supreme Court within ten days of finality. Rule 24(a), 28(b), Cal.R.Ct. Thus, in the absence of a timely filed petition for review in the California Supreme Court, direct review would have concluded forty days after October 1, 2003, or on November 10, 2003. Petitioner would then have had one year, or until November 10, 2004, within which to file his federal petition.

As mentioned, the instant petition was not filed until June 21, 2006, some nineteen months *after* the one-year period had expired. Thus, unless Petitioner is entitled to statutory or equitable tolling, the instant petition is untimely.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Ninth Circuit reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file

3

1   at the next appellate level reinforces the need to present all claims to the state courts first and will

2   prevent the premature filing of federal petitions out of concern that the limitation period will end

3   before all claims can be presented to the state supreme court.  Nino, 183 F.3d at 1005.  However, the

4   limitations period is not tolled for the time such an application is pending in federal court.  Duncan

5   v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

6           Here, Petitioner asserts that he exhausted issues in a state habeas petition before the

7   California Supreme Court.  The Court takes judicial notice of the records of the California Supreme

8   Court, as reflected in the California court system's electronic database,[1] which indicate that

9   Petitioner filed his state habeas petition on July 15, 2004 and that it was denied on June 22, 2005.

10  Thus, assuming the petition was properly filed,[2] Petitioner would have been entitled to statutory

11  tolling during that period. At the time he filed the state petition, 247 days had already passed of

12  Petitioner's one-year AEDPA period, the span of time between the commencement of the one-year

13  period on November 11, 2003 and the filing of his state petition on July 15, 2004.  When the state

14  petition was denied on June 22, 2005 and the one-year period re-commenced to run, therefore,

15  Petitioner had only 118 days remaining on his one-year limitations period.  Unfortunately, Petitioner

16  waited over one full year, 369 days, until June 26, 2006, to file the instant petition. Thus, even with

17  statutory tolling for the pendency of his state petition, the instant federal petition is untimely by 251

18  days.

19  ///

20  ///

21

22      [1]The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose
    accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.
23  1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice
    may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise
    Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd., 645 F.2d 699 (9th Cir. 1981); see also Colonial Penn Ins. Co.
24  v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980).
    As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal
25  and the California Supreme Court are subject to judicial notice.

26      [2]The Court notes that the order Petitioner has provided from the California Supreme Court denying his state habeas
    petition indicates that the California Supreme Court denied the petition by citing In re Dixon, 41 Cal.2d 756 (1953) and In
27  re Waltreus, 62 Cal.2d 218 (1965), both of which indicate that the court procedurally barred the petition for untimeliness
    rather than denied the petition on its merits.  Accordingly, it may be that the petition was not "properly filed" under the
28  AEDPA and thus Petitioner would not be entitled to statutory tolling for the pendency of the state petition.  Bonner v. Carey,
    425 F.3d 1145, 1149 (9th Cir. 2005). However, because it appears that the petition is untimely regardless of statutory tolling,
    the Court will not specifically address this issue.

D. <u>Equitable Tolling</u>

The limitations period is subject to equitable tolling if the petitioner demonstrates that "extraordinary circumstances beyond [his] control" have made it impossible for the petition to be filed on time. <u>Calderon v. U.S. Dist. Ct. (Kelly)</u>, 163 F.3d 530, 541 (9th Cir. 1998)(citing <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 701 (9th Cir. 1997)); <u>Calderon v. United States District Court (Beeler)</u>, 128 F.3d 1283,  1288 (9th Cir. 1997), <u>overruled in part on other gronds by</u> <u>Calderon v. United States District Court</u> <u>(Kelly)</u>, 163 F. 3d 530 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." <u>Id.</u>; <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).

In <u>Allen v. Lewis</u>, 255 F.3d 798, 801 (9th Cir. 2001), the Ninth Circuit concluded that the petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness."  The Ninth Circuit reaffirmed this rule in <u>Espinoza-Matthews v. California</u>, 432 F.3d 1021, 1026 (9th Cir. 2005).  In that case, the Ninth Circuit pointed out that the determination vis-a-vis equitable tolling is "highly fact-dependent" and that the petitioner "bears the burden of showing that equitable tolling is appropriate."  <u>Id.</u>

Petitioner has made no express claim of entitlement to equitable tolling.  However, in his response to the Order to Show Cause, Petitioner makes an implicit claim for equitable tolling, contending that because he is incarcerated in a maximum security prison, his access to the prison law library is curtailed, and that, further, on September 29, 2005, he was stripped of all personal property and transferred to the Administrative Segregation Unit, but was only able to recover his property, including legal materials, at a later time.  (Doc. 9, pp. 3-4).

None of the circumstances described by Petitioner in his response are sufficient to establish entitlement to equitable tolling.  Petitioner's implicit claim of ignorance of the law is insufficient to justify equitable tolling.  <u>See</u>, <u>e.g.</u>, <u>Hughes v. Idaho State Bd. of Corrections</u>, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to

1    establish cause);  Fisher v. Johnson, 174 F.3d 710, 714-715 (5th Cir. 1999); Rose v. Dole, 945 F.2d

2    1331, 1335 (6th Cir. 1991).  Moreover, prison lockdowns or library closures do not constitute

3    extraordinary circumstances warranting equitable tolling in this case.  See United States v. Van

4    Poyck, 980 F.Supp. 1108, 1111 (C.D. Cal.1997) (inability to secure copies of transcripts from court

5    reporters and lockdowns at prison lasting several days and allegedly eliminating access to law

6    library were not extraordinary circumstances and did not equitably toll one-year statute of

7    limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted

8    library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll

9    the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life

10   must take such matters into account when calculating when to file a federal [habeas] petition....

11   [petitioner's alleged lack of legal sophistication also does not excuse the delay."); Girdles v.

12   Ramirez-Palmer, 1998 WL 775085, *2 (N. D.C.L.1998) (holding that prison lockdowns do not

13   constitute extraordinary circumstances warranting equitable tolling).

14          Petitioner's indigent status and limited legal knowledge, as well as his status as an

15   incarcerated individual, are not circumstances that distinguish him from the great majority of

16   prisoners attempting to file petitions for writ of habeas corpus in this Court.  To the contrary, such

17   circumstances are not in any way extraordinary and do not justify equitable tolling.  If limited

18   resources, lack of legal knowledge, and the difficulties of prison life were an excuse for not

19   complying with the limitation period, the AEDPA's limitation period would be meaningless since

20   virtually all incarcerated prisoners have these same problems in common.  While undoubtedly these

21   circumstances would make it more difficult to file a timely petition and would require a

22   correspondingly greater effort by a prisoner, the evidence presented by Petitioner does not establish

23   that these circumstances alone were the "but for" cause of the petition's late filing.  Allen, 255 F.3d

24   at  801.

25          Moreover, Petitioner's lack of access to the law library due to his being placed in the

26   Administrative Segregation Unit ("AS") appears to be a direct result of Petitioner's own misconduct

27   in prison.  The AS Placement Notice Petitioner provided in his response to the Order to Show Cause

28   indicates that Petitioner was placed in AS for a 26 month term "based on CDC 115

1   dated 9/29/05 for Attempted Murder...." (Doc. 9, EXS. C).  Under such circumstances, Petitioner

2   cannot legitimately contend that the consequence of such prison misconduct, i.e., placement in AS

3   and restricted access to the law library, was the result of "extraordinary circumstances beyond his

4   control." (Beeler), 128 F.3d at 1288.  Thus, the limitation period will not be equitably tolled.

5                                              **RECOMMENDATIONS**

6            Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus (Doc. 1),

7   be DISMISSED for violation of the AEDPA's one-year limitation period.

8            These Findings and Recommendations are submitted to the United States District Judge

9   assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

10  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

11  fifteen (15) days after being served with a copy, any party may file written objections with the court

12  and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

13  Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within

14  ten (10) court days (plus three days if served by mail) after service of the objections.  The District

15  Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

16  parties are advised that failure to file objections within the specified time may waive the right to

17  appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18

19  IT IS SO ORDERED.

20  Dated:   __April 3, 2008__                          _____**/s/ Theresa A. Goldner**_____
    _____                                            UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

7